**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**RICHARD M. FORNITO,**
         **Plaintiff,**

   **v.**                                     **00-CV-1615
                                                              (GLS)**

**COMMISSIONER OF SOCIAL SECURITY,**
         **Defendant.**

---

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Office of Peter W. Antonowicz        PETER W. ANTONOWICZ, ESQ.
1300 Floyd Avenue
Rome, New York 13440

**FOR THE DEFENDANT:**
HON. GLENN T. SUDDABY            WILLIAM H. PEASE
United States Attorney                 Assistant U.S. Attorney
PO Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

**Gary L. Sharpe
U.S. District Judge**

## **DECISION AND ORDER**

### **I. Introduction**

Richard Fornito applied for Social Security benefits which were subsequently denied. On August 29, 2000, Fornito brought this action pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner's final determination. Having reviewed the administrative record, the court affirms the Commissioner's decision because it is based on substantial evidence.

### **II. CONTENTIONS**

Fornito contends that the Administrative Law Judge: (1) improperly determined his Residual Functional Capacity (RFC); (2) erroneously evaluated the medical evidence; and (3) improperly failed to develop the record. The Commissioner counters that substantial evidence supports the ALJ's decision that Fornito was not disabled.

### **III. FACTS**

The evidence in this case is not in dispute and the court incorporates the parties' factual recitations. *See Pl.'s Br., pp. 2-4, Dkt. No. 11; Def.'s Br., p. 1, Dkt. No. 14*.

## IV.  DISCUSSION

### A.  Standard and Scope of Review

A court's review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether substantial evidence supports the decision.  *Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made by an ALJ.  The ALJ's decision is reviewed by a court after an appeal is filed.  A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence.  *Johnson*, 817 F.2d at 986.  In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision.  *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision.  42 U.S.C. § 405(g); *see Rivera v. Sullivan*, 923

F.2d 964, 967 (2d Cir. 1991).  "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  It must be "more than a mere scintilla" of evidence scattered throughout the administrative record.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990).  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams*, 859 F.2d at 258.  However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision.  *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

　　　The court has authority to reverse with or without remand.  42 U.S.C. § 405(g).  Remand is appropriate where there are gaps in the record or further development of the evidence is needed.  *See Parker v. Harris*, 626

F.2d 225, 235 (2d Cir. 1980); *Cutler v. Weinberger*, 516 F.2d 1282, 1287 (2d Cir. 1975) (remand to permit claimant to produce further evidence). Reversal is appropriate, however, when there is "persuasive proof of disability" in the record and remand for further evidentiary development would not serve any purpose. *Parker*, 626 F.2d at 235; *Simmons v. United States R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of HHS*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where payment of benefits already delayed for four years and remand would likely result in further lengthening the "painfully slow process" of determining disability).

**B.     Five-Step Disability Determination**

The definition of "disabled" is the same for purposes of receiving Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) benefits. To be considered disabled, a plaintiff seeking SSDI or SSI benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

5

less than twelve months ..." 42 U.S.C. §§ 423(d)(1)(A),1382c(a)(3)(A).[1]

The Commissioner uses a five-step process to evaluate SSDI and SSI claims. 20 C.F.R. §§ 404.1520, 416.920.[2] Step One requires the ALJ to determine whether the claimant is presently engaging in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(b), 416.920(b). If a claimant is engaged in SGA, he will not be considered disabled. If the claimant is not engaged in SGA, Step Two requires the ALJ to determine whether the claimant has a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from a severe impairment, Step Three

---

[1]In addition, a claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent her from engaging in any kind of substantial gainful work which exists in the national economy.

[2] The court notes that revised versions of these sections came into effect in September 2003. *See* 68 Fed. Reg. 51161, 51164 (Aug. 26, 2003). In the revised versions, paragraph (e) clarifies the application of the RFC determination. New paragraphs (f) and (g), with certain modifications, correspond to the prior versions' paragraphs (e) and (f), respectively. These revisions do not affect the Five-Step Disability Determination sequence. The revised versions have no effect on the outcome of this case. For considerations of uniformity, and because the ALJ's decision came under the old versions, the court retains the old nomenclature in its analysis.

6

requires the ALJ to determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 404.1520(d), 416.920(d). If the impairment meets or equals a listed impairment, the claimant is presumptively disabled. *Ferraris*, 728 F.2d at 584. If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's Residual Functional Capacity (RFC) precludes the performance of his past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Five, the ALJ determines whether the claimant can do any other work. 20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant has the burden of showing that he cannot perform past relevant work. *Ferraris*, 728 F.2d at 584. However, once the claimant meets that burden, benefits can only be denied by showing, with specific reference to medical evidence, that the claimant can perform some less demanding work. *See White v. Sec'y of HHS*, 910 F.2d 64, 65 (2d Cir. 1990); *Ferraris*, 728 F.2d at 584. In making this showing, the ALJ must consider the claimant's RFC, age, education, past work experience, and transferability of skills, to determine if the claimant can perform other work existing in the national economy. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

In this case, the ALJ found that Fornito satisfied Step One because he had not worked since April 15, 1992. (Tr. 23).[3] In Step Two, the ALJ determined that he suffered from neck and back injuries, diabetes mellitus, and hypertension. *Id.* In Step Three, the ALJ determined that his impairments failed to meet or equal a combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulations No. 4. *Id.* In Step Four, the ALJ determined that Fornito had the RFC to perform his past relevant work as a telephone claims examiner. *Id.* The ALJ did not consider Step Five because he determined Fornito could perform his previous relevant work. *Id.*

## C. Medical Evidence

Fornito disputes the ALJ's determination based on the medical evidence. First, Fornito contends that the ALJ erred by determining that he had the RFC for sedentary work.[4] Second, Fornito contends that the ALJ did not consider his diabetes' effect on his ability to do work. Third, Fornito contends that the ALJ wrongly characterized his daily activities as evidence

---

[3] "(Tr. )" refers to the page of the Administrative Transcript in this case.

[4] Sedentary work involves sitting for approximately six hours of an eight-hour workday, standing and walking for approximately two hours, and the ability to lift and carry no more than ten pounds. 20 C.F.R. §§ 404.1567(a), 416.967(a).

8

that he was not disabled. Lastly, Fornito contends that the ALJ failed to properly develop the record.

The regulations define RFC as "what [an individual] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a). At the review level relevant here, the responsibility of determining a claimant's RFC rests with the ALJ. 20 C.F.R. §§ 404.1546, 416.946. An ALJ's RFC assessment is a determination that must be based on probative medical evidence in the record. *See Gray v. Chater*, 903 F. Supp. 293, 301 (N.D.N.Y. 1995) (citing 20 C.F.R. § 404.1513(c), (d)(3)). Accordingly, an ALJ may not substitute his own judgment for that of a competent physician. *See Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (citation omitted). The claimant, not the ALJ, has the burden to show he could not do his previous relevant work. *Ferraris*, 728 F.2d at 584.

Fornito maintains that the medical evidence shows that he was disabled from any type of work prior to his last insured date. This contention is without merit. The ALJ's decision is supported by substantial evidence because the medical records Fornito cites show that he was unable to do active police work. Fornito offers a finding of disability from his treating physician, Dr. Dennis, which says that he is unable to resume

9

duty as a park policeman. (Tr. 131). He also offers a disability assessment from his former employer, the Metropolitan Police Department's Retirement and Relief Board, which says that Fornito is unable to perform his regular duties as a park police officer due to his lumbar degenerative disc disease. (Tr. 228). That evidence, however, fails to establish that Fornito was incapable of performing sedentary work. Therefore, the ALJ found that Fornito's symptoms were not of such intensity or duration as to preclude the performance of all forms of employment, including his former job as a telephone claims operator. (Tr. 23). Accordingly, the ALJ's decision was supported by substantial evidence.[5]

Next, Fornito contends that the ALJ ignored medical evidence concerning the severity of his diabetes. This contention is without merit. The ALJ's decision is supported by substantial evidence because the record shows that complications from Fornito's diabetes did not escalate in severity before September 1993. While later medical reports document Fornito's worsening condition, they are not noted until 1995. In sum, Fornito's current limitations and their effect on his ability to work arose long

---

[5]Also, since Fornito filed for benefits in 1997, three and a half years after his last insured date, a functional assessment would not be probative of Fornito's ability to do previous work.

10

after his insurance coverage expired, and the ALJ was not required to consider such factors. Accordingly, the ALJ's decision was supported by substantial evidence.

Fornito also contends that the ALJ improperly relied on his daily activities as evidence of non-disability. The argument is without merit because Fornito's daily activities belie his disability claim. For example, at the time Fornito filed for disability benefits in 1997, he was a full-time student at Utica College. In addition, he testified that he was able to cook, boat and work on a computer. (Tr. 22, 42-44, 47-48). These activities suggest that Fornito was not precluded from the performance of all forms of employment and accordingly, the ALJ's decision was supported by substantial evidence.

Lastly, Fornito claims that the ALJ failed to develop the record because he did not obtain additional functional assessments or request the opinion of a vocational expert. There is nothing in the regulations or the case law that requires an ALJ to consider vocational testimony at the fourth step of a disability inquiry. If the plaintiff does not meet his burden of proof by establishing that he cannot do previous relevant work, there is no need for the Commissioner to inquire further into the functional abilities of the

11

claimant.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986) (discussing the Commissioner's duty at step five to prove the claimant's ability to perform other work in the national economy); *See also McCalip v. Shalala*, No. 93-CV-4758, 1994 WL 774037, at *7 (E.D.N.Y. Aug. 29, 1994).  Accordingly, the ALJ's decision was based on substantial evidence.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED,** that the decision denying benefits is **AFFIRMED**; and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Order upon the parties.

**IT IS SO ORDERED.**

November 4, 2005
Albany, New York

Gary L. Sharpe
U.S. District Judge